**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1652
_____

AMADOU KAMARA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-082-774)
Immigration Judge: Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2012

Before: AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed November 8, 2012)
_____

OPINION
_____

PER CURIAM

Amadou Kamara petitions for review of a decision of the Board of Immigration

Appeals (BIA). For the reasons below, we will deny the petition for review.

Kamara, a citizen of Guinea, entered the United States in March 2008 using a

fraudulent travel document. On March 10, 2008, Kamara was charged as removable as

an alien who sought to procure an immigration benefit through misrepresentation or fraud and as an alien who is not in possession of a valid entry document. Kamara conceded removability on the latter charge and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he would be persecuted based on his political beliefs or tortured if removed to Guinea. After a hearing, an Immigration Judge found Kamara not credible and denied relief. On appeal, the BIA remanded the matter for a new credibility determination after concluding that the IJ had made two errors in her determination. The BIA noted that the IJ had also given numerous other valid reasons for the adverse credibility determination. On remand, the IJ again found Kamara not credible. On appeal, the BIA upheld the adverse credibility finding and dismissed the appeal. It also noted that Kamara had not provided corroborating evidence to support his claim. Kamara, who had been represented by counsel, filed a pro se petition for review.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Kamara needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). If credible, an alien's testimony by itself can satisfy the burden to establish a claim for relief. Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). An adverse credibility determination is a factual finding that, if supported by reasonable, substantial, and probative evidence, will be upheld. Abulashvili v. Att'y Gen., 663 F.3d 197, 202 (3d Cir.

2

2011).   We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary.  Fiadjoe v. Att'y Gen., 411 F. 3d 135, 153 (3d Cir. 2005).

On remand, the IJ found Kamara's story of obtaining his travel document implausible because he stated that his fiancée's brother tried to get the travel document for him after an incident in September 2007.   The IJ noted that there was evidence in the Government's records of photographs of Kamara taken for the application in July 2006 and March 2007.  A.R. at 1353-54.  The IJ also opined that Kamara's testimony regarding his attendance at the University was evasive and unresponsive and he failed to recall specific details about events he claimed to be involved in.  In addition, the IJ pointed out that Kamara had submitted a letter from a friend, Sekou Conde, who stated that Kamara had been subject to questioning by the security services and great cruelties. A.R. at 1020.  Kamara, however, had not testified to any questioning or cruelty.  The IJ also mentioned that a forensic document examiner opined that his high school identity card was altered.  A.R. at 280-81.  The IJ reasonably relied on these inconsistencies and the opinion of the forensic examiner in finding Kamara not credible.

In his brief, Kamara argues that he was mistakenly considered not credible due to a language barrier.  However, he does not point to any specific testimony or evidence which might have been translated incorrectly or any questions he might not have understood.  The DHS agent who conducted Kamara's airport interview testified that

3

Kamara appeared to clearly understand the questions asked of him using the Mandingo interpreter. A.R. at 290.

Kamara also contends that the DHS agent who detained him mistakenly stated that Kamara was a Liberian national. He appears to believe that he was denied relief based on this mistake regarding his nationality. Kamara attempted to enter the United States with a fraudulent asylee document of an alien from Liberia. A.R. at 74-75. He signed a statement from his airport interview indicating that he was born in Liberia. A.R. at 170, 1359. The DHS agent at the airport testified that Kamara stated that he had been born in Liberia. Kamara denied making this statement. A.R. at 848. Any confusion over his nationality is due to Kamara's own actions and statements. Moreover, the IJ did not base her adverse credibility finding or denial of relief on this issue.

Kamara has not shown that the record would compel any reasonable adjudicator to conclude that he is credible. Thus, he is not entitled to asylum, withholding of removal, or CAT relief. Accordingly, we will deny the petition for review.